# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GREAT DANE LIMITED PARTNERSHIP, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV410-265 ) |
| ROCKWOOD SERVICE CORPORATION, U.S. INSPECTION SERVICES, INC. and ACUREN INSPECTION, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

# ORDER

Before the Court is the motion of plaintiff Great Dane Limited Partnership (Great Dane) to compel discovery responses from defendants. Doc. 30. The issue is complicated because of the jurisdictional and venue issues raised by the defense in both its response here, doc. 35, as well as in its motion to dismiss now before the district judge. Doc. 12. Some background is thus warranted.

A truck-trailer manufacturer, Great Dane brought this diversity action against Rockwood Service Corporation (Rockwood), U.S. Inspection Services, Inc. (USIS) and Acuren Inspection, Inc. (Acuren),

following the failure of kingpins (devices that couple a truck trailer to an over-the-road truck tractor) that USIS claimed to have tested and certified as meeting Great Dane's specifications. Doc. 1 at ¶¶ 10-13. Great Dane alleges that USIS either negligently or fraudulently certified the kingpins' quality, yet Great Dane has since suffered losses -- including the cost of recalling its trailers -- after discovering that the kingpins were defective. *Id.* In addition, USIS sold its assets and name to Rockwood, and there followed a series of corporate reshufflings which, Great Dane concludes, were designed to frustrate Great Dane and others from advancing their claims against an entity with assets. *Id.* at ¶¶ 17-21. Rockwood, Great Dane insists, engaged in corporate veil-piercing conduct by disregarding the separate corporate entities between itself, Acuren, and USIS. *Id.* at ¶ 8.

Defendants move to dismiss, challenging venue and personal jurisdiction over Rockwood and USIS. (Acuren, they concede, has been served.) They also argue that Great Dane has failed to state a claim against them. Doc. 12; *see also* doc. 36 at 2 ¶ 2. On the personal jurisdiction ground, they say that Great Dane's sole basis for obtaining jurisdiction over Rockwood and USIS pivots on its claim that they are,

per Georgia corporate veil piercing doctrine, the alter ego of Acuren, an Rockwood subsidiary. Yet, they contend, Great Dane has not pled enough to support that. Doc. 36 at 2 ¶ 2.

Defendants concede, as Great Dane alleges, "that Rockwood is the corporate parent of USIS and Acuren . . . ." Doc. 12-1 at 3. But Great Dane

> then makes the conclusory allegations that Rockwood uses USIS and Acuren as mere instrumentalities and that it would be unjust to observe their corporate identities. (Doc. 1, ¶¶ 8(b) & (c).) Plaintiff does not, however, allege what Rockwood has done to make the recognition of the corporate form unjust, nor does it allege that any Defendant is insolvent or unable to pay a judgment in this case. (*See* Doc. 1.) The Complaint also is silent about how Acuren could be liable for the actions of USIS, or vise versa. *Id.*

Doc. 12-1 at 3.

Moreover, defendants contend, Great Dane does not even level fraud allegations against them, but only notes its reliance on "misrepresentations." *Id.* at 3-4. This not only fails to satisfy venue, 28 U.S.C. § 1391(a), defendants conclude, but Great Dane "did not even bother to allege that the Court has personal jurisdiction over any Defendant. (See Doc. 1 at ¶¶ 1-5.) There is no allegation that Georgia's

3

Long-Arm Statute[1] confers jurisdiction here, and there are no allegations whatsoever that would support jurisdiction over Rockwood and/or USIS pursuant to the Long-Arm Statute." *Id.* at 4 (footnote added). Finally, defendants argue that Great Dane has failed to plead a fraud claim, *id.* at 8-10, much less veil-piercing, "insolvency" facts. *Id.* at 10-11.

Great Dane has amended its complaint in an attempt to cure those defects, including the allegations that: (1) all three defendants are doing business in Savannah, Georgia; (2) venue is proper because a substantial part of the events (including the transmission into Georgia of negligent or fraudulent kingpin certifications) occurred there; and (3) Rockwood is doing business as "Acuren" and holds itself out, with Acuren and USIS, "as a single, consolidated entity." Doc. 17 at 1-2. And Great Dane had already alleged that Rockwood disregards USIS's and Acuren's "separate corporate entities," uses them as "mere instrumentalities for the transaction of Rockwood's own business," and that there is such a unity

---

[1] Courts have applied Georgia's long-arm statute, O.C.G.A. § 9-10-91, when considering personal jurisdictional challenges in veil-piercing cases. *See Wells Fargo Bank, Nat. Ass'n v. Berkman*, 2011 WL 709483 at * 3-4 (N.D. Ga. Feb. 17, 2011); *Chemtall, Inc. v. Citi-Chem, Inc.*, 992 F.Supp. 1390, 1401-04 (S.D. Ga. 1998); *see also James River Ins. Co. v. Kannon & Kannon Ins.*, 2010 WL 4704773 at * 1 (S.D. Ga. Nov. 12, 2010) (applying Georgia and federal law to determine personal jurisdiction); *Sol Melia, SA v. Brown*, 301 Ga. App. 760, 762 (2009) (same).

4

of interest and ownership between them so as to destroy their separate corporate personalities, hence it would be unjust to observe their separate corporate identities. Doc. 1 at 2-3 ¶ 8; *see also* doc. 18 at 7. Great Dane thus argues that it has now alleged enough. Doc. 18.

Defendants disagree and cite prior, still extant and substantially similar Ohio litigation to support venue-based dismissal grounds. Doc. 21-1 at 5. They also argue, *inter alia*, that the case law demands more than conclusory allegations of insolvency and inequitable conduct to support the corporate veil-piercing sought here. *Id.* at 5-6. And, they emphasize (and Great Dane does not dispute) that all three defendants are insured, so there is no basis for invoking an equitable remedy (veil-piercing) when a remedy at law exists. *Id.* at 5.

While the defendants have not formally moved to stay discovery pending resolution of their dismissal/venue motions, they in effect have done so by refusing Great Dane's discovery requests. Discovery does end July 26, 2011, doc. 27 at 1, so this Court, Great Dane argues, should compel defendants to respond. Doc. 36 at 5-6. Great Dane says its "discovery requests, which are specifically tailored to learning facts related to its allegation of alter-ego liability and personal jurisdiction, is

5

the type of discovery contemplated by" case law like *Jimmy Smith Racing Tires, Inc. v. Ashleman*, 2006 WL 2699127 at * 10 (N.D. Ga. Sep. 19, 2006) ("Of course, as plaintiff has taken no discovery as yet, plaintiff may have been unable to aver facts sufficiently specific to warrant an inference that [defendant] and his related entities commingled assets or otherwise acted in a way that would permit a court to pierce the corporate veil. Certainly, a court may properly allow limited discovery to determine whether facts exist to warrant the exercise of personal jurisdiction."), *cited in* 5A WRIGHT & MILLER, FED. PRAC. & PROC. § 1298 (3d ed. 2011). Doc. 35 at 5-6.

The resolution of the parties' discovery dispute is informed by the way courts apply Georgia's veil-piercing doctrine, which is an equitable remedy. *All Star, Inc. v. Fellows*, 297 Ga. App. 142, 148 (2009) ("The concept of piercing the corporate veil is based upon equitable principles.") (quotes and cite omitted). Multiple doctrines exist:

> "Under the alter ego doctrine, equitable principles are used to disregard the separate and distinct legal existence possessed by a corporation where it is established that the corporation served as a mere alter ego or business conduit of another." (Citation omitted.) *Kissun v. Humana, Inc.*, 267 Ga. 419, 419-420, 479 S.E.2d 751 (1997). "The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over

6

extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility." (Citation and punctuation omitted.) *Amason v. Whitehead*, 186 Ga. App. 320, 321, 367 S.E.2d 107 (1988). "Plaintiff must show that the defendant disregarded the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records or control." (Citation and punctuation omitted.) *Heyde v. Xtraman*, 199 Ga. App. 303, 306(2), 404 S.E.2d 607 (1991).

*Renee Unlimited, Inc. v. City of Atlanta*, 301 Ga. App. 254, 259-60 (2009).

While some courts say that a plaintiff must plead and prove all of those points to pierce the veil, *Dearth v. Collins*, 441 F.3d 931, 934-35 (11th Cir. 2006), others suggest that plaintiff can select any one of them to sue in piercing a corporate veil. *Jones v. Cranman's Sporting Goods*, 142 Ga. App. 838, 841-42 (1977); *United States v. Fidelity Capital Corp.*, 920 F.2d 827, 837 (11th Cir. 1991) ("One theory used by Georgia courts to pierce the corporate veil under this standard is. . . ."); *Powell Company v. McGarey Group, LLC*, 508 F.Supp.2d 1202, 1220-21 (N.D. Ga. 2007) ("Specifically, a court may pierce the corporate veil if plaintiff can prove one of the following. . . ."); *see also Manhattan Const. Co. v. K&E Const. Co., Inc.*, 1988 WL 150690 at * 7-8 (N.D. Ga. Dec. 12, 1988) (supplying "a

nonexhaustive list of of the factors relied upon by other courts in disregarding the corporate fiction").[2]

Great Dane insists it has pled enough factual grounds and legal recovery theories to hit at least one of those veil-piercing bases, doc. 18 at 7-8; doc. 35 at 2-8, and this Court has painted the path for haling a "pierced," out-of-state wrongdoer into this state. *Chemtall, Inc.* 992 F. Supp. at 1401-04 (specific personal jurisdiction existed over principal of corporation, in suit by supplier alleging breach of contract and fraud, despite claim that he was protected by corporate veil from having any contacts with state in which supplier was located; there was evidence that principal personally siphoned assets from corporation in anticipation of claims from supplier, and placed them in another corporation, through which he paid himself fees).

---

[2] As for the commingling and confusion of assets ground, an encyclopedist concludes:

> The courts seem to take the position that where parent and subsidiary corporations, or sole or substantially sole stockholders and their corporation have so conducted their joint affairs as if they were one and the same, they cannot complain when third parties want to do likewise. Under such circumstances, the court may disregard the corporate entity. Nor need actual fraud be involved so long as equity dictates that justice requires it.

1 GA. CORPORATION, LP & LLC § 3:21 (*Commingling and confusion of assets affected by disregarding corporate entity*) (2010-11 ed.).

But Georgia veil-piercing law requires, as a minimum prerequisite, that there be insolvency on part of the corporation -- that there be insufficient corporate assets to satisfy the plaintiff's claim. *In re Friedman's Inc.*, 385 B.R. 381, 415 (S.D. Ga.), *modified on other grounds*, 394 B.R. 623 (S.D. Ga. 2008). *Friedman's* cited a variety of Georgia cases on that score, most particularly *Johnson v. Lipton*, 254 Ga. 326 (1985), which held that where a corporation had sufficient assets, though probably not cash on hand, to pay a creditor's claim, its corporate veil could not be pierced to hold individual officers and shareholders liable on a claim against corporation. *Id.* at 327, cited in 1 GA. CORPORATION, LP & LLC § 3:14 (2010-11 ed.) ("to pierce the corporate veil, a claimant must establish insolvency of the corporation as a precondition at the time of the transaction, not just a lack of cash on hand.") (footnotes omitted); *accord Perry v. Unum Life Ins. Co. of America*, 353 F. Supp. 2d 1237, 1240 (N.D. Ga. 2005).

The parties vigorously dispute that veil-piercing prerequisite. Doc. 18 at 8; doc. 31 at 4-5, 6-7. Great Dane does not dispute that it has not pled insolvency as to any defendant. In fact, it argues that "there is no explicit requirement that Great Dane plead and prove insolvency before

9

the Court can pierce the corporate veil." Doc. 35 at 3. The Court's review of Georgia law supplies no reason to reexamine *Friedman's* result. Nor do the parties dispute that equitable doctrines are applied, of course, in equity. And "there is no equity jurisdiction where there exists an adequate remedy at law." *Renee Unlimited, Inc.*, 301 Ga. App. at 259-60 (quotes and cite omitted). Solvency -- having the means to pay a money judgment -- means there exists an adequate remedy at law. *Friedman's*, 385 B.R. 381 at 415. Great Dane thus must plead insolvency:

> if the plaintiff fails *to allege* that the corporation is insolvent, then the Court must assume that the plaintiff has an adequate remedy at law. That, in turn, renders unavailable the equitable remedy of piercing the corporate veil. *See Concrete Coring Contractors, Inc. v. Mechanical Contractors & Engineers, Inc.*, 220 Ga. 714, 719, 141 S.E.2d 439 (1965) ("Insolvency of the defendant and inability to respond to such damages as the plaintiff might recover for breach of the contract is ground for equitable intervention").

*Friedman's*, 385 B.R. 381 at 415 (emphasis added); *accord Perry*, 353 F. Supp. 2d at 1240 (insured brought a breach of contract, tortious interference and other claims against his disability insurer and its corporate parent; granting the parent's motion to dismiss, the court applied Georgia law to hold that the insured could not pierce the

10

corporate veil under an "alter ego" theory without first showing insolvency of the subsidiary at the time of the transaction).

The defendants thus properly objected to Great Dane's veil-piercing discovery. And it is undisputed that *all* of Great Dane's disputed discovery is veil-piercing based. *See* doc. 30 at 3-22; doc. 35 at 5-6. Courts are authorized to stop discovery outright if no case exists. *See, e.g., Smith v. United States,* 877 F.2d 40, 41 (11th Cir. 1989) (widow of a space shuttle astronaut killed in Challenger explosion was not entitled to discovery against the United States because her negligence action was barred as a matter of law). It follows that this Court is authorized to stop discovery on a particular *claim* where no legal basis for it exists. Great Dane's Motion to Compel (doc. 30), aimed at compelling discovery only on its veil-piercing claim, therefore is **DENIED**. Defendants' motion to dismiss (doc. 12) remains before the District Judge.

**SO ORDERED** this 8TH day of June, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA