IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| GREAT DANE LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV410-265 |
| | ) | |
| ROCKWOOD SERVICE CORP., U.S. | ) | |
| INSPECTION SERVICES, INC., and | ) | |
| ACUREN INSPECTION, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## O R D E R

Before the Court are Defendants Rockwood Service
Corporation ("Rockwood"); U.S. Inspection Services, Inc.
("USIS"); and Acuren Inspections, Inc.'s ("Acuren") Motion to
Dismiss for Lack of Jurisdiction (Doc. 12) and Renewed Motion
to Dismiss for Lack of Jurisdiction (Doc. 21). For the
following reasons, Plaintiff's complaint is **DISMISSED**.
Plaintiff is **GRANTED** leave to file an amended complaint within
**sixty days** from the date of this order. As a result,
Defendants' motions are also **DISMISSED**. Defendants shall have
**thirty days** from being served with an amended complaint to
answer and file any motions to dismiss the amended complaint.

### BACKGROUND

As early as 1997, Plaintiff began purchasing kingpins
from NL Engineered Solutions, LLC ("NLES"). (Doc. 1 ¶ 10.)
These kingpins are steel devices used to couple a cargo

trailer to the tractor hauling it.  (Id. n.1.)  For this type of use, Plaintiff required that the kingpins meet certain specifications.  (Id. ¶¶ 10-11.)  Important to this case is that Plaintiff required the hardness of every kingpin to fall between 380 and 420 on the Brinell hardness scale.  (Id. ¶ 11.)  In January of 2001, NLES engaged Defendant USIS to test the kingpins and ship to Plaintiff only those that conformed to the required specifications.  (Id.)

From the date it was hired, Defendant USIS represented to Plaintiff that every kingpin Plaintiff received was within the appropriate range for hardness.  (Id. ¶ 12.)  Relying on these representations, Plaintiff included the kingpins as a component in the trailers it manufactured.  (Id. ¶ 13.)  In January of 2006, however, one of the kingpins incorporated into a trailer fractured.  (Id. ¶ 15.)  Subsequent testing of the fractured kingpin revealed that its hardness exceeded the required specifications for inclusion on the trailer.  (Id.)

Meanwhile, Defendant USIS sold the entirety of its assets, including its name, to Defendant Rockwood.  (Id. ¶ 17.)  The sale occurred on May 1, 2006, approximately 4 months after Plaintiff discovered that the fractured kingpin did not meet the required specifications.  (Id. ¶¶ 15, 17.)  Following the sale, Defendant Rockwood changed its name to

2

U.S. Inspection Services, Inc., while Defendant USIS changed its name to Fulks-Graham Holding Company. (Id. ¶ 18.) Plaintiff alleges that Defendants conspired to falsely represent that Plaintiff continued to do business with Defendant USIS, when in reality it was not the same company that had tested the kingpins prior to May 1, 2006. (Id. ¶¶ 19, 20.) According to Plaintiff, the purpose of this misrepresentation was to impede Plaintiff from taking legal action against Defendant USIS, which was now known as Fulks-Graham Holding Company. (Id. ¶ 20.)

Both prior and subsequent to the sale, Plaintiff undertook retesting of many of the kingpins that had been originally tested by Defendant USIS. (Id. ¶¶ 16, 21.) According to Plaintiff, the retesting revealed that seventeen kingpins did not meet Plaintiff's specifications for hardness. (Id. ¶ 24.) Plaintiff contends Defendants either negligently or fraudulently misrepresented that these kingpins met the required specification for hardness. (Id. ¶ 26.) Based on the results of the retesting, Plaintiff initiated a nationwide recall of 2,335 trailers in order to identify and replace defective kingpins. (Id. ¶ 25.)

## ANALYSIS

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court presumes the truth of all factual allegations in the plaintiff's complaint. See Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997); see also Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court 'must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.' " (quoting St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986))). The Court must construe the plaintiff's allegations liberally because "[t]he issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (abrogated on other grounds). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In this case, the Court need not address the merits of Defendants' motions because the Court is unable to conclude

that this case falls within its jurisdiction. The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, a limited partnership ("LP") is a citizen of any state in which any of its partners, general or limited, is a citizen. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of an LP: "a party must list the citizenships of . . . all the partners of the limited partnership." Id. at 1022.

In this case, Plaintiff's complaint fails to provide a list of the members of the LP, instead providing the general and factually unsupported conclusions that (1) Plaintiff is a Delaware organization with its principle place of business in

_____

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding

Kentucky; and (2) none of Plaintiff's partners are citizens of either Delaware or Connecticut.  (Doc. 1 ¶ 1.)  Such general allegations, however, are insufficient for Plaintiff, as the party invoking this Court's jurisdiction, to carry its burden of establishing complete diversity between the parties.[2]  See Ray, 519 F.2d at 1082.

When a complaint fails to sufficiently allege jurisdiction, "the proper course would be to dismiss the original complaint with leave to amend."  Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984).  Accordingly, Plaintiff's complaint is **DISMISSED** and Plaintiff shall have **sixty days** from the date of this order to file a second amended complaint that cures the defective allegations of jurisdiction.  As a result, Defendants' motions are **DISMISSED AS MOOT.**  Defendants shall have **thirty days** from being served with an amended complaint to answer and file any motions to dismiss.[3]

---

precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2]  While Defendants made only passing reference to this deficiency (Doc. 12 at 2), " 'federal courts are under an independent obligation to examine their own jurisdiction.' " United States v. Hays, 515 U.S. 737, 742 (1995) (quoting FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-31 (1990)).

[3]  Both parties should be aware that the Court will not accept any complaint, motion, or response that incorporates by reference any factual allegation or argument contained in an

## CONCLUSION

Before the Court are Defendants Rockwood Service Corporation ("Rockwood"); U.S. Inspection Services, Inc. ("USIS"); and Acuren Inspections, Inc.'s ("Acuren") Motion to Dismiss for Lack of Jurisdiction (Doc. 12) and Renewed Motion to Dismiss for Lack of Jurisdiction (Doc. 21). For the foregoing reasons, Plaintiff's complaint is **DISMISSED**. Plaintiff is **GRANTED** leave to file an amended complaint within **sixty days** from the date of this order. As a result, Defendants' motions are also **DISMISSED**. Defendants shall have **thirty days** from being served with an amended complaint to answer and file any motions to dismiss the amended complaint.

SO ORDERED this _16th_ day of September 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

earlier filing. Each complaint, motion, and response should be stand-alone filings that independently contain all the factual allegations and arguments that the filing party wishes the Court to consider.